UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY LYNN,

Plaintiff,

v.

Case No. 25-cv-11214
HON. MARK A. GOLDSMITH

CITY OF DETROIT,

Defendant.
_______________________________/

**OPINION & ORDER (i) ACCEPTING THE REPORT AND RECOMMENDATION (Dkt. 44); (ii) OVERRULING DEFENDANT'S OBJECTIONS (Dkt. 45); AND (iii) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Dkt. 31)**

This case is before the Court on Magistrate Judge Curtis Ivy, Jr.'s Report and Recommendation (R&R) issued on July 28, 2026 (Dkt. 44). In the R&R, the magistrate judge recommends that the Court grant in part and deny in part Defendant City of Detroit's motion to dismiss (Dkt. 31). For the reasons that follow, the Court concludes that the magistrate judge properly analyzed the issues presented and reached the correct result. The Court overrules the City's objections to the R&R.[1]

## I. BACKGROUND

The complete factual background of this case is set forth in the R&R. R. & R. at PageID.961-968.

[1] The City moved to dismiss (Dkt. 31); Lynn responded (Dkt. 35); and the City filed a reply (Dkt. 36). After the R&R was issued, the City filed objections (Dkt. 45), and Lynn filed a response. (Dkt. 46). Because oral argument will not aid the Court's decisional process, the motion and objections will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

Plaintiff Gregory Lynn's claims arise from what he describes as "Defendant's systemic exclusion of Plaintiff from fair consideration in employment process[es] due to [Plaintiff's] protected whistleblowing activities." Second Am. Compl. at PageID.519 (Dkt. 29). Lynn's amended complaint against the City alleges five counts: Count I alleges that the City engaged in post-employment retaliation against Lynn in violation of the False Claims Act (FCA); Count II alleges a procedural due process violation under Section 1983 and the Fourteenth Amendment; Count III alleges a First Amendment retaliation claim under Section 1983; Count IV alleges an equal protection violation under Section 1983 and the Fourteenth Amendment; and Count V alleges the violation of the Michigan Elliot-Larsen Civil Rights Act. Id. at PageID.533-537.

The City's second renewed motion to dismiss argues that: (i) Lynn has not established a prima facie retaliation claim under the FCA because the City has shown that he was ineligible for employment, Mot. at PageID.565–578; (ii) Lynn failed to establish that the City violated his procedural due process rights, id. at PageID.578-579; (iii) Lynn's First Amendment retaliation claim fails because he cannot show retaliatory motive when he was ineligible for employment, id. at PageID.579-580; (iv) Lynn cannot make the requisite showing to state an equal protection claim, id. at PageID.580-581; and (v) Lynn fails to sufficiently allege a violation under the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. L. § 37.2101 et seq., id. at PageID.581-582.

The R&R opined that Lynn had not met his burden of showing violations of his procedural due process (Count II) and equal protection rights (Count IV). The R&R further opined that Lynn failed to show that the City violated his rights under the Elliot-Larsen Civil Rights Act (Count V). The magistrate judge, therefore, recommended dismissal of Counts II, IV, and V of the second amended complaint. With respect to Lynn's retaliation claims in Counts I and III, the R&R

recommended that those claims survive dismissal because Lynn made a prima facie showing that the City engaged in retaliatory conduct.

The City has filed two objections to the R&R. Obj. (Dkt. 45). The City first argues that the magistrate judge erred in opining that Lynn's retaliation claim under the FCA (Count I) should not be dismissed. It maintains, as previously argued before the magistrate judge, that Lynn does not state a plausible claim for relief and the R&R failed to recognize that "employers are not required to create a conflict of interest by hiring adverse litigants for positions involved in defending their own lawsuits." Obj. at PageID.1007. In other words, the City argues Lynn cannot show retaliatory motive when the protected conduct (filing the qui tam suit) created a conflict of interest that prevented him from being considered for hire. Id. at PageID.1008. In its second objection, the City similarly argues that the magistrate judge erred in opining that Lynn's First Amendment retaliation claim (Count III) should not be dismissed. It raises a similar argument from the first objection to support its position. Id. at PageID.1009-1010.

The Court overrules the objections for the reasons discussed in greater detail below. The motion to dismiss is denied as to Counts I and III, which are the subject of the objections. The motion to dismiss is granted as to Counts II, IV, and V, as to which Lynn did not file any objections.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

The City challenges the R&R on the specific basis that the magistrate judge committed legal error by concluding that Lynn's retaliation claims are not subject to dismissal when the City had a non-retaliatory justification for refusing to hire Lynn. The City's objections fail because Lynn has plausibly stated his retaliation claims. Section 3730(h) of the FCA states that a plaintiff must show three things to state a retaliation claim. See McKenzie v. BellSouth Telecommunications, Inc., 219 F.3d 508, 514 (6th Cir. 2000). First, he must show he engaged in a protected activity. Id. Next, he must show his employer knew about this protected activity. Id. Finally, he must show his employer discriminated against him as a result of the protected activity. Id.

The discrimination must involve adverse action that "would deter a person of ordinary firmness from continuing to engage in that conduct" and must be "motivated at least in part by the plaintiff's protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

The R&R concluded that Lynn satisfied the required elements. R. & R. at PageID.969-970; 978. However, the City disagrees that Lynn successfully established retaliatory motive or discrimination when the City was precluded from hiring him due to the conflict of interest created by the qui tam suit. In support, the City relies on Mathews v. City of S. Bend, No. 3:10CV390, 2013 WL 2149482, at *7 (N.D. Ind. May 16, 2013) (concluding, at the summary judgment stage, that the plaintiff failed to properly support a legally cognizable First Amendment claim when the defendant was legally justified in refusing to hire her as a result of her adverse litigant status).

By contrast to the summary judgment stage analyzed in Mathews, at the motion to dismiss stage, a claim may only be dismissed if a plaintiff fails to allege a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678–679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible

on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level."). That test is satisfied because Lynn alleges that he filed complaints against the City for violations of federal procurement rules and regulations, conflicts of interest, violations of the FCA, and filed a qui tam suit. Second Am. Compl. ¶¶ 34-43. Lynn further alleges that the City was aware of the complaints and qui tam suit and subsequently excluded him from fair consideration in employment because of the complaints and qui tam suit. Id. ¶¶ 43, 48.

Whether the City can show, as a matter of law, that a non-retaliatory motive existed, is better suited for the summary judgment stage. See Thomas v. Eby, 481 F.3d 434, 441–42 (6th Cir. 2007); Blackwell v. Chisholm, No. 24-1947, 2025 WL 3091125, at *6 (6th Cir. Nov. 5, 2025) ("[Defendants] may be able to rebut [the plaintiff's] allegations of retaliatory motive after discovery by presenting evidence of alternative motivations . . . ."). At that time, the City "may thwart the retaliation claim by showing that it would have taken the same action even without the protected activity." Id. Therefore, the City's challenge is premature.

Based on the foregoing, the Court concludes that Lynn has plausibly stated his retaliation claims in Counts I and III for the reasons stated in the R&R. The claims are not subject to dismissal. Accordingly, the City's objections are overruled.

## III. CONCLUSION

For the reasons explained above, the Court overrules the objections. (Dkt. 45). The Court adopts the R&R (Dkt. 44) and grants in part and denies in part Defendant's motion to dismiss. (Dkt. 31). Counts II (procedural due process), IV (equal protection), and V (Elliot-Larsen Civil Rights Act) are dismissed. The case will proceed on the retaliation claims in Counts I and III.

**SO ORDERED.**

Dated: September 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager